**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.

LEONARD A. BANKS,
              *Defendant-Appellant.*

No. 00-4632

UNITED STATES OF AMERICA,
              *Plaintiff-Appellant,*

v.

LEONARD A. BANKS,
              *Defendant-Appellee.*

No. 00-4695

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-00-42)

Argued: December 3, 2001

Decided: February 28, 2002

Before WIDENER, MICHAEL, and KING, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

---

**COUNSEL**

**ARGUED:** Regina Lynn Carpenter, MCLAUGHLIN & CURRY, Fairmont, West Virginia, for Appellant. Robert E. Trono, Assistant United States Attorney, Richmond, Virginia, for Appellee. **ON BRIEF:** Gerald G. Ashdown, WEST VIRGINIA UNIVERSITY COLLEGE OF LAW, Morgantown, West Virginia, for Appellant. Helen F. Fahey, United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Leonard Banks was convicted of possession with intent to distribute a controlled substance, crack cocaine, in violation of 21 U.S.C. § 841(b). Banks appeals his conviction, arguing that the district court erred by admitting certain rental car records and evidence of prior drug dealing. The government cross-appeals, arguing that the district court committed a sentencing error when it relied on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in refusing to consider relevant conduct in calculating the drug quantity attributable to Banks. For the following reasons, we affirm Banks's conviction, vacate his sentence, and remand to the district court for resentencing.

I.

On the morning of December 17, 1999, police in Farmville, Virginia, arrested Anthony Gilmore for marijuana possession. Gilmore agreed to assist the police in catching other individuals involved in drug dealing. Later that morning, using a special telephone line at the Farmville Police Department, Gilmore paged a man known as "Tandy" from whom Gilmore had recently bought drugs. Tandy, later

identified as defendant Banks, called Gilmore at the Farmville Police Department's special number, and their conversation was recorded. Banks agreed to sell Gilmore a quantity of crack cocaine, and the two arranged to meet later that day at the Farmville Coastal Mart. At about 1:00 p.m. Banks and Michelle Wilson, a co-defendant, drove into the Coastal Mart parking lot, where they were arrested by police. Banks was driving a Buick rented the previous night at Dulles Airport, and he was carrying $850 in cash and a pager containing the Farmville Police Department phone number. Wilson turned over to the police about 28 grams of crack cocaine that were hidden on her person.

Banks and Wilson were indicted for possession with intent to distribute a controlled substance. Wilson pled guilty, and Banks went to trial. In his defense at trial Banks emphasized that Wilson had possessed the drugs and argued that he was simply an innocent and ignorant bystander to any drug transaction that was about to take place. The government introduced testimony by Wilson that she and Banks had previously rented cars at Dulles Airport and then stopped at a certain apartment to buy crack cocaine. The government also introduced Banks's past car rental records. The court admitted all of this evidence over Banks's objection that it was bad character or propensity evidence, which was prejudicial and not probative of the current charges. The jury returned a guilty verdict.

At sentencing the district court determined the amount of crack cocaine attributable to Banks in order to arrive at the applicable sentence range. U.S. Sentencing Guidelines Manual §§ 2D1.1(a)(3), (c). Under the Guidelines a defendant's sentence range is determined not only according to the conduct of the offense of conviction, but also from "relevant conduct" that was "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S. Sentencing Guidelines Manual § 1B1.3(a)(2). At sentencing the government proffered evidence that in addition to the 28 grams found on Wilson at the time of arrest, Banks had obtained 28 grams of crack cocaine on two previous occasions during the fall of 1999. The government argued that these three incidents of possession of 28 grams were part of the same course of conduct or a common scheme, which meant that 84 grams of crack cocaine were attributable to Banks. Acceptance of the government's position would have resulted in an

offense level of 32 and a Guidelines range of 135 to 168 months' imprisonment. The district court, relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), refused to consider the prior conduct and attributed only 28 grams of crack cocaine to Banks. This resulted in an offense level of 28 and a Guidelines range of 87 to 108 months' imprisonment. The district court then sentenced Banks to 87 months' imprisonment. Banks appeals his conviction, and the government cross-appeals the sentence.

## II.

Banks claims that the district court erred in admitting evidence of prior car rentals and Wilson's testimony regarding past drug purchases. Banks argues that this evidence was not relevant to the charged offense but was impermissible bad character or propensity evidence. *See* Fed. R. Evid. 401, 404. We review the district court's evidentiary rulings for abuse of discretion. *United States v. Sanchez*, 118 F.3d 192, 195 (4th Cir. 1997).

Under Fed. R. Evid. 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The rule also provides that such evidence may be "admissible for other purposes, such as proof of motive . . . knowledge . . . or absence of mistake or accident." To determine whether evidence is admissible under Rule 404(b), we must consider whether the evidence is relevant to the charged offense rather than simply to the general character of the defendant, whether it is probative and reliable, and whether its probative value is substantially outweighed by its prejudicial impact. *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997).

At trial Banks argued that there was no proof that he knew Wilson possessed the 28 grams of crack cocaine and that he was an innocent bystander to any drug transaction. In the face of this argument, Wilson's testimony that she and Banks had previously rented cars at Dulles Airport and then driven to a certain location to buy crack cocaine was both relevant and probative. Banks's claim that he was ignorant of Wilson's drug possession and the impending drug transaction is less plausible in light of evidence that Banks and Wilson had previously been involved in similar activity on prior occasions. *Cf. United*

*States v. Van Metre*, 150 F.3d 339, 350-51 (4th Cir. 1998). Records of prior car rentals by Banks were also relevant to Banks's knowledge and intent, as these records served to buttress Wilson's testimony.

As to reliability, defense counsel stipulated to the authenticity of the car rental records. Nor was Wilson's testimony so unreliable as to be inadmissible. Defense counsel had the opportunity to cross-examine Wilson, and the jury was able to consider the impact of her plea agreement on the truthfulness of her testimony. Finally, the prejudicial effect of the evidence of past drug dealing does not substantially outweigh the probative value of that evidence in this particular case. The evidence of past drug dealing is not cumulative of other evidence, but it is the only evidence that directly undermines Banks's contention that he was unaware of Wilson's possession of the drugs. Moreover, the past drug dealing described by Wilson is quite similar to the charged conduct here, which reinforces the probative value of the contested evidence. *See Queen*, 132 F.3d at 996. While the contested evidence was prejudicial, it was prejudicial because it was probative. In any case, this evidence was tempered somewhat by the district court's instruction to the jury that Banks "is not charged on anything except what is in the indictment" and that the evidence of past drug dealing "is just background information."

In sum, the district court did not abuse its discretion in admitting Wilson's testimony of prior drug dealing and evidence of past car rentals. We therefore affirm Banks's conviction.

### III.

On cross-appeal the government argues that the district court erred in refusing to consider evidence of additional drug possession to determine, for sentencing purposes, the drug quantity attributable to Banks. Without reaching the question of whether these previous incidents of drug possession were relevant conduct, the district court held that it could not consider evidence not submitted to the jury and proven beyond a reasonable doubt. The court relied on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which was decided on June 26, 2000, just prior to Banks's sentencing on August 28, 2000.

Since the district court's decision, our court has had the occasion to apply *Apprendi*. We have explained that under *Apprendi* "the maximum penalty that may be imposed upon a defendant is the maximum penalty allowed by statute upon proof of only those facts alleged in the indictment and found by the jury beyond a reasonable doubt. Once this maximum penalty is established, a fact (sentencing factor) that may increase the actual sentence imposed within that maximum is not subject to the same requirements." *United States v. Promise*, 255 F.3d 150, 156 n.5 (4th Cir. 2001) (en banc) (emphasis omitted). Because the indictment in this case did not allege a drug quantity, the maximum penalty allowed by statute was twenty years' imprisonment. 21 U.S.C. § 841(b)(1)(C). The district court considered only the 28 grams involved in the arrest, and thus arrived at an offense level of 28 and a Guidelines range of 87 to 108 months' imprisonment. U.S. Sentencing Guidelines Manual § 2D1.1(c)(6). Had the court also considered and credited the evidence of Banks's possession of an additional 56 grams of crack cocaine, it would have arrived at an offense level of 32 and a Guidelines range of 135 to 168 months' imprisonment. U.S. Sentencing Guidelines Manual § 2D1.1(c)(4). Even accepting the government's evidence, the maximum sentence under the Guidelines would be 14 years (168 months). Because this sentence would not exceed the maximum twenty-year penalty for a conviction under § 841(b)(1)(C) for an unspecified quantity of crack cocaine, the rule in *Apprendi* is not implicated. The additional drug quantity would simply be a "fact (sentencing factor) that may increase the actual sentence imposed within [the statutory] maximum." *Promise*, 255 F.3d at 156 n.5. Thus, the district court erred in concluding that *Apprendi* prevented the consideration of the additional evidence in this case.

Accordingly, we vacate Banks's sentence and remand to the district court for resentencing. We note that while *Apprendi* presents no obstacle to the district court's consideration of the government's evidence of other drug possession, the district court must of course determine whether the government has established the drug amounts by a preponderance of the evidence and whether such conduct is relevant to the offense of conviction. *See United States v. Cook*, 76 F.3d 596, 604-05 (4th Cir. 1996); U.S. Sentencing Guidelines Manual § 1B1.3(a)(2).

IV.

We affirm Banks's conviction, but we vacate his sentence and remand for resentencing in accordance with this opinion.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*